# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, *et al.*,

Defendants.

Case No. 1:26-cv-06045-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE

ORDER DENYING MOTION TO EXCEED PAGE LIMITATION AS MOOT

(ECF No. 3)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 1)

**FOURTEEN-DAY DEADLINE**

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 31, 2026, is currently before the Court for screening. (ECF No. 1.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility. Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer J. Hileman. Defendant Hileman is sued in his/her individual capacity, and all other defendants are sued in their official capacities.

Although Plaintiff's complaint is difficult to decipher, Plaintiff appears to present allegations arising from events occurring from February 9, 2023, through July 16, 2026. Plaintiff specifically alleges that "[e]ach named person" on July 16, 2026, "actively colluded when Lamas took wheelchair leg supports off [Plaintiff's] wheelchair," violating policy that medical equipment (DME) shall not be taken by staff. (ECF No. 1 at 5.) Plaintiff was coerced into using the inoperative wheelchair with missing or removed safety parts. While Plaintiff was using the wheelchair, his feet got caught in the wheels, flipping the wheelchair and ejecting Plaintiff onto

the blacktop. Plaintiff went to the emergency room for 24 hours. Plaintiff requested and then demanded return of his DMEs, but was refused. Plaintiff claims he was punished for exercising protected conduct.

## III. Duplicative Action[1]

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").

In the *Cannavan I* complaint, Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas. Defendant Lamas is sued in his/her individual capacity, and all other defendants are sued in their official capacities.

The *Cannavan I* complaint is nearly identical to the complaint in the instant action, except Plaintiff named Defendant Lamas as the sole individual capacity defendant in *Cannavan I*. Plaintiff again brings various claims based on different legal theories. The only factual allegations relate to the July 16, 2026 incident where Plaintiff alleges that Defendant Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. Plaintiff seeks identical relief. *Compare* ECF No. 1 at 5 *with Cannavan I*, Compl., Doc. 1 at 5.

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of

---

[1] The Court takes judicial notice of the files in other cases filed in this court. Fed. R. Evid. 201.

litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

The allegations in the complaint in *Cannavan I* are identical to the allegations in the complaint filed in the instant action. Both cases name the same official-capacity defendants, and the only difference is the named individual-capacity defendant. In both cases, Plaintiff alleges that on July 16, 2026, Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendant Hileman, rather than Correctional Officer Lamas, in the instant action, Plaintiff does not include any factual allegations regarding Defendant Hileman in the complaint. (*See* ECF No. 1.) To the extent Plaintiff believes he may state a claim against Defendant Hileman that is also related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in his existing case, rather than attempting to bring a separate action.[2]

Based on this review, the Court finds it appropriate to recommend dismissal of this action as duplicative of Cannavan *I*. In light of this recommendation, the Court denies Plaintiff's motion to exceed page limits as moot. (ECF No. 3.)

---

[2] The Court further notes that Plaintiff filed nearly twenty other cases that may be duplicative of *Cannavan I*. *See*, *e.g.*, 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06046-EPG; 1:26-cv-06048-FJS; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

As a final matter, Plaintiff includes a request for appointment of counsel in the complaint, arguing that appointment of counsel is appropriate in the context of his claims under the Americans with Disabilities Act. (ECF No. 1 at 32.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners claiming protections under the Americans with Disabilities Act. These plaintiffs also must conduct legal research and draft pleadings without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Based on the recommendation for dismissal of this action as duplicative, the Court cannot find that Plaintiff's claims are likely to succeed, in this action, on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

## IV. Order and Recommendation

Based on the above, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

2. Plaintiff's motion to exceed page limits, (ECF No. 3), is DENIED as moot.

3. Plaintiff's motion to appoint counsel, (ECF No. 1 at 32), is DENIED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE