# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, *et al.*,

Defendants.

Case No. 1:26-cv-06045-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

(ECF No. 17)

Plaintiff Patrick A. Cannavan ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2026, the Court dismissed this action as duplicative of *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC). (ECF No. 14.) The Clerk of the Court entered judgment on the same date. (ECF No. 15.) On October 19, 2026, Plaintiff filed a notice of appeal. (ECF Nos. 18.)

Currently before the Court is Plaintiff's motion for judicial notice of alleged retaliation by prison officials, also filed on October 19, 2026. (ECF No. 17.) Plaintiff appears to request that the Court take judicial notice of alleged conduct by Lt. F. Briseno and Capt. A. Gomez, while Plaintiff was confined to the Restricted Housing Unit in October 2026.[1] (*Id.* at 2.)

Federal Rule of Evidence 201(b) provides that a court may judicially notice a fact that is

[1] Plaintiff's subsequent reference to October 2025 appears to be a typographical error. (ECF No. 19 at 2.)

not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Civ. 201(b). The conduct allegations and arguments contained in Plaintiff's request for judicial notice are not the type of adjudicative facts that are judicially noticeable.

Accordingly, Plaintiff's motion for judicial notice, (ECF No. 17), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 21, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE